IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY J. KORZENIEWSKI**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12 C 6895 |
| | ) | |
| **MICHAEL J. ASTRUE**, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

This action has been assigned to this Court's calendar by random assignment, and this Court has (as always) promptly reviewed the Complaint for Judicial Review. That has revealed a problematic aspect of the action that should be addressed by counsel for plaintiff Anthony J. Korzeniewski ("Korzeniewski").

Complaint ¶7 recites that the Appeals Council of the Social Security Administration ("SSA") denied review of the decision by Administrative Law Judge Roxanne J. Kelsey on May 3, 2012. Next Complaint ¶8 alleges that this lawsuit could have been timely brought within 65 days after that final administrative decision -- that is, on or before July 9 (that date stems from the fact that the 65th day after May 3 -- July 7 -- fell on a Saturday). Complaint ¶8 then goes on to reflect a request for additional time filed by Korzeniewski's counsel, with that request having been granted on July 24.

So far, so good. But the problematic aspect of the Complaint is this last sentence of Complaint ¶8:

> Thus, Plaintiff believes he can timely file a civil action on or before August 28, 2012.

In that respect the SSA's letter (Complaint Ex. A) states:

> The Appeals Council now extends the time within which you may file a civil action (ask for court review) for 30 days from the date you receive this letter. We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

It should be noted that the extension was framed in terms of a filing deadline 30 days from the date that counsel actually <u>received</u> the July 24 letter. And of course the SSA's assumption that the letter would actually take 5 days to reach counsel may or may not have proved accurate. Because this action was not filed until August 28, the 35th day after the date of the July 24 letter, Korzeniewski's counsel must provide a representation as to his actual date of receipt before this action may go forward.

Accordingly this Court is not now issuing its customary initial scheduling order. Instead it will await the appropriate (and prompt) filing by Korzeniewski's counsel as to the date of receipt.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 30, 2012